## JOEL FLETCHER *v.* TOWN OF BARNET.

### *Highways.    Contributory  Negligence.*

Where the plaintiff's gig was broken in passing a depression in the highway, it was *held* that he was entitled to recover for the injury, provided the accident happened through the insufficiency of the road and without any lack of ordinary care on the part of the plaintiff in the mode of driving and in discovering any imperfection in the gig, although it was unsafe and its defects contributed to the accident.

ACTION on the case for damages to the plaintiff's horse and gig alleged to have arisen from an insufficiency in a public highway in Barnet.  Plea, the general issue.  Trial by jury, June term, 1870, STEELE, J., presiding.  Verdict for plaintiff.

It appeared that the injury arose by plaintiff's gig breaking down in passing over a depression, or a water-bar, in the road near the village of Barnet.  The defendant's evidence tended to show that plaintiff's gig was unsafe because the sills were too small and not ironed the whole length, and because they were not made of a " natural crook," but by sawing them out of a straight stick, so that to break down, the wood had only to split, and not to break across the grain.  The plaintiff's evidence tended to show that the sills were of the usual size, and ironed as usual and in a workmanlike manner, and that the sills were made of a " natural crook," and that plaintiff procured the gig to be made expressly for him at the manufactory in St. Johnsbury a

short time before the accident, and paid full price for it, and supposed it to be a safe gig, and that after it was painted—as it was when plaintiff first saw it—it would be difficult, if not impossible, to determine whether the sills were sawed out across the grain.

The defendant claimed and requested the court to charge the jury :

1st. That if the gig was unsafe, and the insufficiency of the gig contributed to occasion the accident, the plaintiff could not recover.

2d. That if the unsoundness or weakness of the gig was the proximate cause of the accident, the plaintiff cannot recover. In other words, if the gig was insufficient for prudent driving on a road in repair, the plaintiff cannot recover, although plaintiff did not know of the insufficiency of the gig.

The court refused to charge as requested, and did instruct the jury that the plaintiff in order to recover was bound to satisfy them not only that the accident arose from an insufficiency in the road, but also that no lack of ordinary care, such care as prudent men usually bring into exercise in such matters, contributed to the happening of the accident ; that if the gig was unsafe, and its insufficiency contributed to the accident, still the plaintiff might recover, provided the accident happened through the insufficiency of the road, and without any lack of ordinary care on the part of the plaintiff or his driver.

The court instructed the jury that this care was to be shown to have been exercised not only in the mode of driving, but also in respect to the carriage, and told them that if the plaintiff failed to exercise it either in his original selection of the gig or in not discovering its imperfection afterwards, or was in any way lacking in ordinary care and prudence either in allowing it to be used or through his driver in the manner of using it, then the plaintiff could not recover.

. To the refusal to charge as requested, and to so much of the charge as is given, the defendant excepted.

*Ross & Smith,* for the defendant.

*O. S. Burke* and *B. N. Davis,* for the plaintiff.

The opinion of the court was delivered by

PECK, J. The legal propositions involved in the charge of the county court have been too long settled and acted upon in this

State, both in principle and in their application, as evidenced and illustrated by the reported decisions of the supreme court in actions of this character, to require, on the part of the court, an argument or restatement of the reasons in their support, or to justify the court in overturning principles so thoroughly and deliberately established, and so often and so uniformly re-affirmed. Nor is it necessary to spend any time in discussing the particular ground of defense insisted on in this case in opposition to those principles, as the same has been so often urged upon the court, and as uniformly been repudiated as unsound, and as inconsistent with well-established principles. The statute imposes on towns, severally, the duty of keeping their highways in good and sufficient repair at all seasons of the year, and gives a right of action against the town in favor of a party who sustains special damage by means of the insufficiency or want of repair of such highway. Law and justice require. that where one party, by his wrongful act or neglect, causes an injury to the other, unaided by the fault or neglect of such injured party, the party in the wrong should bear the loss. The rule established in this class of actions against towns, and embraced in the charge of the court in this case, is but the application of this principle. If this were an action in favor of this plaintiff against an individual for a collision on the highway, and it should. appear that the defendant carelessly and negligently drove against the plaintiff's gig and broke it, and that no fault or negligence of the plaintiff contributed to the accident or injury, would it occur to a lawyer, or any one else, that the fact that a secret defect in the plaintiff's gig, unknown to the plaintiff, and which, in the exercise of common care and prudence, would not be discovered, contributed to the injury, would constitute a defense to the action, even if such secret defect were such as, if known, would have rendered it imprudent to drive with the gig on the highway ? Such defense could never prevail. The same rule that applies to an individual thus causing an injury, should apply to a town whose fault causes the same injury.

Judgment affirmed.